UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN T.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C21-5588-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1999, has a high school diploma, and has never worked. AR 267. In April 2019, Plaintiff applied for benefits, alleging disability as of January 6, 2013. AR 235-41. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 143-46, 150-55. After the ALJ conducted a hearing in December 2020 (AR 77-104), the ALJ issued a decision finding Plaintiff not disabled. AR 15-30.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**: Plaintiff has the following severe impairments: postural orthostatic tachycardia syndrome; neuromediated pre-syncope; tachycardia; Ehlers-Danlos syndrome; and migraines.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform light work with additional limitations: he cannot climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can frequently handle and finger bilaterally. He can tolerate moderate noise level intensity. He can tolerate occasional exposure to extreme cold and vibration. He can tolerate occasional exposure to pulmonary irritants such as fumes, odors, dust, gases, and poor ventilation. He can tolerate no exposure to hazards such as unprotected heights and moving mechanical machinery. He can understand, remember, and carry out simple, routine tasks in a routine work setting involving few workplace changes. He can never perform rapid pace assembly-line work.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-30.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in (1) assessing certain medical opinions, (2) discounting Plaintiff's testimony, and (3) discounting Plaintiff's mother's statement.[3] Plaintiff also contends that new evidence submitted to the Appeals Council undermines the ALJ's decision and warrants remand. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

---

[3] Plaintiff also argues that these errors led to errors in the RFC assessment and step-five findings, but these derivative errors need not be addressed separately. Dkt. 14 at 14-15.

**A.     The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of certain medical opinions, each of which the Court will address in turn.

*1.     Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

*2.     2019 State Agency Opinion*

The record contains a State agency initial opinion from March 2019, issued as part of a prior benefits application wherein Plaintiff was found disabled. *See* AR 105-14. Despite the finding of disability, the Commissioner found Plaintiff ineligible to receive SSI benefits based on his excess financial resources. *See* AR 15, 195-205.

In adjudicating the current application, the ALJ found the 2019 State agency medical opinion to be unpersuasive in light of subsequent evidence, namely the examination report of Derek Leinenbach, M.D., and treatment notes documenting Plaintiff's improvement with treatment. AR 28.[4] Plaintiff contends without explanation that the ALJ failed to cite evidence that contradicts the State agency opinions, but fails to explain how the many normal findings and description of improvement with medication are in fact consistent with the State agency opinion that Plaintiff is disabled. The ALJ cited evidence that was not available at the time of the March

---

[4] The ALJ did not explicitly assess the psychological consultant's opinion, but this opinion does not describe any limitations not already included in the RFC assessment, thereby rendering harmless any error in the ALJ's failure to discuss that opinion. *See* AR 109-12. And, in any event, Plaintiff did not specifically assign error to this aspect of the ALJ's decision.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

2019 State agency initial review, and it is reasonably inconsistent with the evidence available at the earlier time. *Compare* AR 105-14 (March 2019 State agency opinion) *with* AR 547-50 (Dr. Leinenbach's November 2019 examination report describing no physical limitations), 731-77 (2020 treatment notes). Accordingly, Plaintiff has failed to establish that the ALJ erred in finding the 2019 State agency opinion inconsistent with other evidence in the record and in discounting its persuasiveness on that basis.

### 3. 2020 State Agency Opinions

In January and May 2020, the State agency consultants completed their initial and reconsideration reviews of Plaintiff's record on his current SSI application. AR 117-28, 130-42. The psychological consultants opined that Plaintiff did not have a severe mental impairment, and the ALJ found this opinion persuasive because it was supported by references to a consultative examination report and was consistent with the normal mental status examinations contained in the treatment notes. AR 27. The ALJ explained that he found that Plaintiff's physical conditions did cause some mental limitations, however. *Id.*

Plaintiff argues that the ALJ failed to appreciate that the State agency psychological consultants did not consider Plaintiff's impairments in combination and did not have access to any evidence after May 2020. Dkt. 14 at 4. Plaintiff has not shown that explicit discussion of these factors would have impacted the ALJ's decision, however. The ALJ discussed the effects of Plaintiff's mental and physical conditions in combination, and also considered the State agency opinions in light of the longitudinal record. AR 27. Plaintiff has not shown that the ALJ was unreasonable in finding that the 2020 State agency opinions were well-supported and consistent with the record, and thus has not established error in the ALJ's assessment of that evidence.

       *4.*  *Miscellaneous Findings*

Plaintiff devotes pages of his opening brief to a summary of various medical findings that he admits do not contain any opinion as to Plaintiff's functioning. Dkt. 14 at 4-8. Plaintiff has not connected any of these findings to any particular error in the ALJ's decision, and thus the Court finds that this section of the brief fails to advance Plaintiff's assignment of error.

  **B.**  **The ALJ Did Not Err in Discounting Plaintiff's Testimony**

The ALJ summarized Plaintiff's allegations and explained that he discounted them because the record showed that Plaintiff's limitations were less severe than alleged and/or improved with treatment. AR 22-26. Plaintiff contends that the ALJ's reasoning is not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

First, Plaintiff argues that the ALJ erred in relying on lack of objective corroboration as a reason to discount his testimony. Dkt. 14 at 8-9. As acknowledged by the Commissioner (Dkt. 18 at 10), Plaintiff is correct that the ALJ errs if solely relying on lack of corroboration in the objective evidence as the reason to discount a claimant's testimony, but Plaintiff has not shown that the ALJ erred in considering this factor along with the evidence of Plaintiff's improvement with treatment. Plaintiff's opening brief does not reference or otherwise challenge the ALJ's findings regarding improvement, and to the extent that Plaintiff argues on reply that the ALJ did not explicitly state this rationale (Dkt. 19 at 7), the Court finds that this rationale can be discerned in the text of the ALJ's decision. *See* AR 25 (citing, as evidence of improvement, AR 560-61, 702-03, 19F/10-11, 702-03). The ALJ also noted that Plaintiff's symptoms worsened when he did not comply with his home physical therapy exercises. AR 25 (referencing AR 702-14). In light of these findings, the ALJ's rationale is sufficiently clear to permit judicial review.

*See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." (cleaned up)).

Plaintiff also argues on reply that even if he did improve with treatment, he continued to experience some symptoms. Dkt. 19 at 7. This argument does not establish error in the ALJ's decision, however, because the ALJ himself acknowledged that Plaintiff's allegations were partially persuasive and he included many limitations in the RFC assessment. *See* AR 22-23. Thus, the ALJ's decision does not suggest that Plaintiff improved to the point that he no longer experienced any symptoms.

Lastly, Plaintiff notes that the ALJ's decision does not explicitly reference a February 2021 statement he wrote describing his symptoms, treatment, and limitations. *See* AR 303-06. This statement generally repeats Plaintiff's hearing testimony, which the ALJ did explicitly summarize in detail. *See* AR 22-23. Plaintiff has not identified any particular allegation mentioned in the written statement that was overlooked or not accounted for, and thus has not established that the ALJ rejected any part of his statement. Accordingly, Plaintiff has failed to meet his burden to show harmful error in the ALJ's failure to explicitly discuss the statement. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (explaining that an ALJ is not required to explicitly discuss every piece of evidence in the record, but must explain why "significant probative evidence' is rejected).

Because Plaintiff has failed to show that the ALJ erred in assessing his testimony, the Court affirms this part of the ALJ's decision.

### C.   The ALJ Did Not Err in Discounting Plaintiff's Mother's Statement

Plaintiff's mother wrote a statement in connection with Plaintiff's prior benefits application (AR 257-64), and the ALJ discounted it as inconsistent with subsequent evidence showing normal findings and improvement with treatment, as well as with Plaintiff's ability to complete online coding classes.  AR 28.

Plaintiff argues that these reasons are neither germane nor supported by substantial evidence.  The Commissioner notes that under the regulations applicable to this case, an ALJ is not required to explicitly assess the persuasiveness of lay statements.  Dkt. 18 at 11 (citing 20 C.F.R. §416.920c(d)).  Nonetheless, the Commissioner argues that the ALJ's findings are reasonable and supported by substantial evidence.

The Court agrees with the Commissioner.  In discounting Plaintiff's mother's statement, the ALJ cited much of the same evidence that he relied on to discount the 2019 State agency opinion (which was based in part on Plaintiff's mother's statement).  *See* AR 28, 106-08.  The exertional, postural, concentration, and persistence limitations described by Plaintiff's mother are inconsistent with Dr. Leinenbach's examination report referencing normal physical functioning, as well as the 2020 treatment notes describing Plaintiff's normal gait, clear lungs, and ability to take online coding classes.  The ALJ reasonably found that these inconsistencies undermined Plaintiff's mother's statement, and did not err in discounting it.

### D.   The Appeals Council Evidence Does Not Warrant Remand

Two months after the ALJ's decision was issued, a rheumatologist diagnosed Plaintiff with fibromyalgia.  AR 67-68.  Plaintiff submitted this evidence to the Appeals Council along with other treatment notes from the months following the ALJ's decision, and argues that this

1    evidence undermines the ALJ's decision because it supports the 2019 State agency opinions as
2    well as Plaintiff's own allegations.  Dkt. 14 at 16.
3           "[W]hen the Appeals Council considers new evidence in deciding whether to review a
4    decision of the ALJ, that evidence becomes part of the administrative record, which the district
5    court must consider when reviewing the Commissioner's final decision for substantial evidence."
6    *Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).  This Court must,
7    in other words, "determine whether the ALJ's finding of nondisability was supported by
8    substantial evidence in the entire record – including any new evidence in the administrative
9    record that the Appeals Council considered – not just the evidence before the ALJ."  *Gardner v.*
10   *Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017).
11          As explained *supra*, the ALJ properly assessed the medical opinions and Plaintiff's
12   testimony, and the post-decision evidence does not undermine any of the ALJ's reasoning with
13   respect to that evidence.  The ALJ relied on evidence of Plaintiff's normal functioning and
14   improvement with treatment during the adjudicated period, and the Appeals Council evidence
15   does not contain a medical opinion regarding Plaintiff's functional limitations or otherwise show
16   that Plaintiff was more limited than the ALJ found.  Accordingly, the Court finds that the
17   Appeals Council evidence does not undermine the ALJ's decision and therefore does not warrant
18   remand.
19   //
20   //
21   //
22   //
23   //

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 25th day of May, 2022.

S. KATE VAUGHAN
United States Magistrate Judge